UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID RAPP, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-02796-SRC |
| | ) |
| #1 A LIFESAFER OF MISSOURI, INC., | ) |
| | ) |
| Defendant(s). | ) |

**Memorandum and Order**

This matter comes before the Court on Plaintiff David Rapp's Motion for Attorney's Fees and Costs [12]. The Court grants in part and denies in part the Motion.

On October 18, 2019, Rapp filed suit against LifeSafer under the Consumer Leasing Act, 15 U.S.C. § 1667, and 12 C.F.R. § 1013 et seq. for violations of the Truth in Lending Act. Doc. 1. On December 23, 2019, LifeSafer made an offer of judgment in favor of Rapp pursuant to Fed. R. Civ. P. 68. The offer included the amount of $400.00, plus any costs Rapp incurred in this action through the date of the offer, including reasonable attorneys' fees to be determined by the Court. Doc. 9-1. On January 14, 2020, Rapp provided the Court with notice the he accepted the Rule 68 offer of judgment[1] and requested the Clerk of the Court to enter judgment in his favor and against Lifesaver in the amount of $400, plus taxable and recoverable costs. Doc 9. The Clerk of the Court entered Judgment as requested that same day. Doc. 11.

---

[1] Federal Rule of Civil Procedure 68 requires the opposing party to provide written notice of accepting the offer within 14 days of receiving of the offer. In this case, the offer was set to expire on January 6, 2020 but LifeSafer agreed to keep the offer open through January 20, 2020. Doc. 9-2.

1

The parties left the determination of reasonable attorneys' fees to the Court. Rapp requests attorney fees in the amount of $7,571.50,[2] and costs in the amount of $455.00. Docs. 12 and 15. LifeSafer opposes the amount of attorneys' fees and asks the Court to limit the fees to no more than $1,000.00. Doc. 14 at p. 4. LifeSafer does not contest Rapp's claim of $455.00 for costs. *Id.*

The general rule is that the prevailing party may not recover attorney's fees absent an express provision of a contract or statutory authority. Under TILA, the prevailing plaintiff has the right to an award of a reasonable attorney fee to facilitate the private enforcement of the Act. *Dryden v. Lou Budke's Arrow Fin. Co.*, 630 F.2d 641, 647 (8th Cir. 1980); 15 U.S.C. § 1640(a)(3). Upon the finding of a TILA violation, an award of fees is mandatory, though the amount of the award lies in the discretion of the court. *Dryden v. Lou Budke's Arrow Finance Co.,* 661 F.2d 1186, 1191 and n. 7 (8th Cir. 1981).

In *Hensley v. Eckerhart,* 461 U.S. 424 (1983), the United States Supreme Court outlined the major factors to be considered by a court in awarding attorneys' fees: 1) whether an award is appropriate; and 2) the value of the services rendered as determined by the "lodestar" method. *Id.* at 433. The lodestar is calculated by determining the number of hours reasonably expended on the case and multiplying them by the applicable hourly market rate for the relevant legal services. *Id.* A court may also consider whether an enhancement or reduction to the lodestar is warranted in a particular case. *Jensen v. Clarke,* 94 F.3d 1191, 1203-03 (8th Cir. 1996) (affirming the district court's reduction to the lodestar based on the circumstances of the case).

---

[2] In his Motion, Plaintiff asks for $6,686.50 in attorneys' fees, and in his Memorandum in Support, he asks for $7,141.50 at one point, $5,476.50 at another, and in the conclusion, $6,686.50. Docs. 12, 13. In his reply brief, he asks for $7,571.50. The Court uses the final amount requested, $7,571.50, as the basis for this order.

2

With regard to the first *Hensley* consideration, the Court finds that Rapp prevailed in this case against LifeSafer. The Court entered judgment in favor of Rapp and against LifeSafer in the amount of $400, plus taxable and recoverable costs. Doc. 11. TILA requires an award of attorneys' fees to the prevailing plaintiff; thus, an award of fees is appropriate. The Court must now determine a reasonable attorney fee award based on the professional services provided to Rapp using the lodestar method.

In *Farrar v. Hobby,* the Supreme Court found that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained." 506 U.S. 103, 114 (1992). The *Farrar* court observed "the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, [but] it does bear on the propriety of fees awarded . . ." *Id.* The Supreme Court encouraged courts to compare the amount of damages awarded to the amount of damages sought, to aid in the assessment of what is a reasonable fee under the circumstances of a case. *Id.* at 114-15. Having engaged in such a comparison and assessment, the *Farrar* court acknowledged that a "court may lawfully award low fees or no fees." *Id.* The prevailing party must submit documentation to establish the amount of the request; must exercise "billing judgment"; and must be mindful that "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley,* 461 U.S. at 434 (*citing Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis in original)).

According to Tony LaCroix's Declaration, LaCroix Law Firm, LLC and the Thompson Consumer Law Group[3] represented Rapp in this matter. Doc. 13-1 at ¶¶ 1, 2 and 5. LaCroix is a 2008 graduate of Missouri-Kansas City School of Law where he graduated *magna cum laude*

---

[3] The Court noes that the Thompson Consumer Law Group did not file an entry of appearance in this matter.

3

and the founding partner of the LaCroix Law Firm, LLC. *Id.* at ¶ 2. He states that he has more than 10-years of experience in complex and class action litigation. *Id.* at ¶ 3. Mr. LaCroix billed at an hourly rate of $400 for services in this matter. Russell S. Thompson is a 2011 graduate of Sandra Day O'Connor College of Law at Arizona State University and the managing partner of Thompson Consumer Law Group. Doc. 13-1 at ¶¶ 11–12. Thompson billed at an hourly rate of $400 for services in this matter. *Id.* at 16. Jose Gill is a 2011 graduate of Sandra Day O'Connor College of Law at Arizona State University and is an associate at Thompson Consumer Law Group. Doc. 13-1 at ¶ 17. Mr. Gill billed at an hourly rate of $350 for services in this matter. *Id.* at ¶ 17. Joel Wresh is the lead paralegal at Thompson Consumer Law Group and obtained his Bachelors of Science in Public Management & Policy from the University of Arizona in 2015. Doc. 13-1 at ¶ 20. Mr. Wresh billed at an hourly rate of $135 for services in this matter. *Id.* at ¶ 17.

To show the reasonableness of the rates, Mr. LaCroix filed a Declaration, a Task-Based Itemized Statement of Fees, the US Consumer Law Attorney Fee Survey, and a summary of costs. The Court has carefully considered the filings of Rapp and LifeSafer and conclude that the hourly rates are not unreasonable. However, the Court concludes that $7,571.50 in attorney's fee is not reasonable.

The parties disagree on whether Rapp is entitled to attorneys' fees for services that occurred after December 23, 2019, the date of the offer of judgment. Rapp argues that he is entitled to costs incurred on or before December 23, 2019, and attorney's fees incurred throughout the entire case. LifeSafer argues that Rapp is only entitled to costs and attorney fees incurred on or before December 23, 2019. The Offer of Judgment states the following:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant #1 A LifeSafer of Missouri, Inc. hereby offers to allow judgment to be taken against it in

4

>this action in favor of Plaintiff David Rapp in the amount of four hundred dollars ($400.00), together with the costs Plaintiff has incurred in this action through the date of this offer, including Plaintiff's reasonable attorneys' fees incurred in connection with this action as determined by the Court upon Plaintiff's petition.

Doc. 9-1 at p. 2. The Court agrees with LifeSafer; under the express terms of the offer of judgment, Rapp can collect costs, including attorneys' fees, incurred through the date of the offer of judgment. Rapp is only entitled to costs and attorneys' fees incurred on or before December 23, 2019. Therefore, the Court deducts $2,756.50 from the $7,571.50 in attorneys' fees requested by Rapp.

The Court further reduces the amount of attorneys' fees to $2,000. Plaintiff seeks recovery of fees for two partner-level attorneys at partner-level rates in a straight-forward case that resulted in a nominal recovery. The Court finds the amount of time expended by Plaintiff's counsel unreasonable considering the nature of the case and the minimal proceedings that occurred; Plaintiff filed a complaint, Defendant filed an answer, and then Defendant made an offer of judgment that Plaintiff accepted. The case never even progressed to a Rule 16 conference, much less initial disclosures or discovery. Finally, in reducing the fee amount, the Court takes into consideration the statutory damages and what Plaintiff actually collect; at most, Plaintiff could collect $2,000 and he accepted a judgment of $400.00. *See* 15 U.S.C. § 1640(a)(2)(A)(ii); *Farrar*, 506 U.S. at 114 (finding that after making a comparison of damages awarded to damages sought, a court may award low fees or no fees).

In deciding to award $2,000, the Court considers the reasoning behind the statute. "The statutory damages are explicitly a bonus to the successful TILA plaintiff,[] designed to encourage private enforcement of the Act, and a penalty against the defendant, designed to deter future violations." *Dryden*, 630 F.2d at 647. For this same reason, other courts have found similar awards of attorneys' fees reasonable. *See Stutzka v. McCarville*, 243 Fed. App'x

5

195, 197 (8th Cir. 2007) (affirming district court's award of $3,000 in attorneys' fees for TILA claim); *Houston v. Tex. Auto Save, LLC*, No. SA-19-CA-1018-XR, 2020 WL 1931850 at *3 (W.D. Tex. Apr. 21, 2020) (awarding $3,000 in attorneys' fees for TILA claim); *see also Stallsworth v. Mars Petcare US Inc.*, No. 2:17-cv-04180-NKL, 2018 WL 2125950 at *1, 5 (W.D. Mo. May 8, 2018) (awarding $32,900 in attorneys' fees for TILA claim after plaintiff settled for $1,000).

Further, *Stutzka* supports the award here. That case involved a claim for over $100,000 in attorneys' fees on a TILA statutory-damages recovery of $200. *Stutzka*, 243 Fed. App'x at 196. The Eighth Circuit affirmed the District Court's fee award of $3,000. *Id*. at 197. In affirming the fee award, the Court noted the propriety of the District Court's deduction of fees for non-TILA claims, and stated that "we might have been inclined to make a more generous award had the decision been ours to make, [but] it was not, and we cannot say that the award was so limited as to constitute an abuse of the district court's discretion." *Id*. Unlike this case, *Stutzka* involved extensive litigation, including a trial and ab appeal to the Eighth Circuit before the plaintiffs prevailed on the TILA claim. *Id*. at 196-97; *see also Stutzka v. McCarville*, 420 F.3d 757 (8th Cir. 2005).

For the above reasons, the Court finds an award of $2,000.00 in attorneys' fees and $455.00 in costs is reasonable and sufficient to serve the purposes of TILA.

Accordingly,

**IT IS HEREBY ORDERED** that Rapp's Motion for Attorney's Fees and Costs in GRANTED in part and DENIED in part.  LifeSafer must pay Rapp $2,000.00 in attorneys' fees and $455.00 in costs.

So Ordered this 10th day of June, 2020.

*SLR.CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE